UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HOWARD ROBERTSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:08CV618 RWS |
| | ) | |
| MICHAEL BOWERSOX, | ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION

Petitioner Howard Robertson seeks a writ of habeas corpus. I referred this matter to United States Magistrate Judge Lewis M. Blanton for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On August 15, 2011, Judge Blanton issued his recommendation that Robertson's habeas petition should be denied.

Robertson timely filed objections to the Report and Recommendation and objects to the recommendation that habeas relief be denied. I have conducted a de novo review of all matters relevant to the petition. After careful consideration, I will adopt and sustain the thorough reasoning of Judge Blanton and will deny Robertson's habeas petition.

*Background*

Robertson was found guilty by a jury of robbery in the first degree and armed criminal action. He was sentenced to life imprisonment for the robbery conviction and a consecutive term of ten years imprisonment for the armed criminal action conviction.

On direct appeal Robertson asserted that the trial judge erred by admitting testimony from a detective who testified that Robertson's co-defendant identified Robertson as the robber. The Missouri Court of Appeals rejected this claim because the testimony was not offered for the truth of the matter asserted, and therefore, was not hearsay, and because other evidence in the case

strongly supported Robertson's guilt.  Robertson raised five grounds for relief in his post-conviction motion to vacate the judgment under Missouri Court Rule 29.15 and raised four grounds for relief in his appeal of that motion.  All his grounds for relief were denied.

In his present habeas petition Robertson asserts four grounds for relief.  Those grounds are:

1) The trial court erred in admitting the testimony of the detective that Robertson's co-defendant identified him as the robber.

2) Trial counsel was ineffective for failing to investigate and call Robertson's sister and children as alibi witnesses.

3) Trial counsel was ineffective for failing to object to the trial court's response to a jury note.

4) The trial court erred in imposing a life sentence because the sentence was a punishment for Robertson's election to proceed to trial.

In his report and recommendation, Judge Blanton found that all of Robinson's grounds for relief were without merit.

I have conducted a de novo review of Robertson's petition and find that Judge Blanton correctly found that all of Robertson's claim are without merit.

In his objection to the report and recommendation, Robinson asserts that Judge Blanton erred in concluding that the detective's testimony regarding Robertson's co-defendant's identification of him as the robber was not hearsay.  The evidence was offered to show why the police began to focus on Robertson in their investigation.  The record shows that the trial judge properly instructed the jury that the evidence should not be considered for the truth of the co-defendant's statement.  The Missouri courts correctly determined that the detective's testimony was not hearsay.  Moreover, other evidence strongly established Robertson as the robber.

As for Robertson's second ground, the failure to investigate or call alibi witnesses, the record establishes that such an alibi did not exist.

Robertson's third ground for relief concerns a note sent by the jury during deliberations. The note said that the jury was going to take a break for ten or fifteen minutes and then continue deliberations. The judge consulted with the attorneys, then wrote "Okay" on the note and returned it to the jurors. Robertson claims his counsel was ineffective for not insisting that the judge instruct the jurors to not discuss the case during their break (a recess instruction). However, there is no evidence that individual jurors discussed the case with or without all the jurors present or that the jurors talked with any third parties. Most importantly, there is no evidence that the jurors ever left the jury room. Robertson has not shown any prejudice as to this claim. The failure of counsel to not insist on a recess instruction under the facts in this case does not rise to the level of constitutionally ineffective representation.

Finally, in his forth ground for relief Robertson asserts that trial court erred in imposing a life sentence in retaliation for Robertson's election to go to trial. Robertson states that the prosecutor was going to recommend a 15 year prison term in exchange for a guilty plea. There is nothing in the record to show that the trial judge was involved in plea negotiations or that the judge imposed a life sentence as an act of retribution. The record indicates that the trial judge imposed sentence base on the normal considerations all judges use in formulating a sentence.

After reviewing the record I conclude that none of Robertson's claims for relief have merit.

I have also considered whether to issue a certificate of appealability based on the claims raised in Robertson's habeas petition. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable

among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).

I believe that Robertson has not made such a showing on the grounds raised in his petition. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Howard Robertson's Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 26th day of September, 2011.